IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL LEWIS, | ) | |
| | ) | CASE NO. 1:16CV2164 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| RHONDA RICHARDS, *Warden*, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Darnell Lewis ("Petitioner" or "Lewis") filed this habeas corpus action on August 29, 2016, pursuant to 28 U.S.C. § 2254. Doc. 1. Lewis is detained at the Madison Correctional Institution, having pleaded guilty to one count of aggravated murder, one count of attempted murder, and attendant 3-year firearm specifications, in two cases in the Cuyahoga County, Ohio, Court of Common Pleas. Doc. 8-1, pp. 55-56.[1] *State v. Lewis*, Case Nos. CR-09-521342-A; CR-09-521856-A (Cuyahoga Cty. Common Pleas Ct. filed June 8, 2009). In an entry filed on July 6, 2009, the trial court sentenced Lewis to eleven years in prison for attempted murder, including the firearm specification, and eighteen years to life in prison for murder, including the firearm specification, to be served consecutively, for an aggregate sentence of twenty-nine years to life in prison. Doc. 8-1, pp. 18-19.

Lewis's Petition for Writ of Habeas Corpus sets forth one ground for relief. Doc. 1, p. 5-5. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.

---

[1] Doc. page citations are to ECF Doc. page numbers.

Respondent filed a Motion to Dismiss the Petition as time-barred on January 3, 2017. Doc. 8. Lewis did not file a Traverse. As set forth more fully below, Lewis's ground for relief is time-barred. Thus, the undersigned recommends that Lewis's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED**.

## I. Factual Background

The state courts did not recite the facts that gave rise to the charges against Lewis. For context, the undersigned provides this brief summary that was presented by Respondent in her Motion:

> On March 10, 2009, the Cuyahoga County Grand Jury indicted Darnell Lewis for Aggravated Murder for shooting Alan Kropog in the back following a dispute over $7.00. In a separate case, the grand jury indicted Lewis for the Attempted Murder of Lawrence Hill, and for Felonious Assault, Aggravated Robbery, Kidnapping, and Carrying a Concealed Weapon.

Doc. 8, p. 2; see also Doc. 8-1, p. 107 (state's opposition brief to Lewis's appeal to the Ohio Supreme Court).

## II. Procedural Background

### A. State Trial Court

On March 10, 2009, a Cuyahoga County Court of Common Pleas Grand Jury indicted Lewis for criminal activities against Lawrence W. Hill III, occurring on or about December 6, 2008, to wit: one count of attempted murder, R.C. § 2923.02/2903.02(A), two counts of felonious assault, R.C. § 2903.11(A)(1) and (2), two counts of aggravated robbery, § 2911.01(A)(1) and (3), one count of kidnapping, § 2905.01(A)(2), all with 1 and 3-year firearm specifications, and one count of carrying a concealed weapon, § 2923.12(A)(2). Doc. 8-1, pp. 3-8 (Case No. CR-09-521342). For criminal activities against Alan Kropog occurring on or about December 16, 2008, the Grand Jury, in a separate case, indicted Lewis on two counts of aggravated murder, § 2903.01(A) and (B), two counts of aggravated robbery, § 2911.01(A)(1)

2

and (3), each with 1 and 3-year firearm specifications, and one count of having weapons under disability, § 2923.13(A)(2). Doc. 8-1, pp. 8-13 (Case No. CR-09-521856). Lewis, through appointed counsel, pleaded not guilty to all charges. Doc. 8-1, pp. 14-15.

On June 3, 2009, Lewis, through counsel, withdrew his not guilty pleas in both cases and pleaded guilty to attempted murder and the 3-year firearm specification in Case No. 531342 and, in Case No. 521856, murder, the 3-year firearm specification, and a forfeiture specification. Doc. 8-1, pp. 16-17. The state agreed to dismiss the remaining counts.

In an entry filed July 6, 2009, the trial court sentenced Lewis in Case No. 521342 to 8 years for attempted murder and 3 years for the firearm specification, to be run consecutively for a total of 11 years; and in Case No. 21856, 15 years to life for murder and 3 years for the firearm specification, to be run consecutively for a total of 18 years to life; and these sentences to be served consecutively to each other, for an aggregate prison sentence of 29 years to life in prison. Doc. 8-1, pp. 18-19.

### B. Motion to Withdraw Guilty Plea

On March 5, 2014, Lewis, *pro se*, filed a motion to withdraw his guilty pleas. Doc. 8-1, p. 20. On March 31, 2014, the trial court denied Lewis's motion.[2] Doc. 8-1, p. 68. Lewis did not file an appeal.

### C. Motion for Leave to File Delayed Appeal

On July 27, 2015, Lewis, *pro se*, filed a motion for leave to file a delayed appeal with the Ohio Court of Appeals. Doc. 8-1, p. 69. He argued that the trial court and his attorney failed to advise him of his right to appeal after he pleaded guilty. On August 20, 2015, the Ohio Court of Appeals denied Lewis's motion for leave to file a delayed appeal and dismissed his appeal. Doc. 8-1, pp. 89-90.

---

[2] It appears that the motion was rule on in Case No. CR-09-521342 but not in Case No. CR-09-521856. *See* Doc. 8-1, pp. 68, 117.

On September 28, 2015, Lewis, *pro se*, filed a notice of appeal with the Ohio Supreme Court. Doc. 8-1, p. 91. In his memorandum in support of jurisdiction, he asserted the following proposition of law:

> 1. Appellant was denied due process and/or equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution when the Eighth District Court of Appeals denied him leave to file a delayed direct appeal of right.

Doc. 8-1, p. 94. On December 16, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. Rule 7.08(B)(4). Doc. 8-1, p. 113.

### D. Federal Habeas Petition

On August 29, 2016, Lewis, *pro se*, filed a Petition for a Writ of Habeas Corpus. Doc. 1. He listed the following ground for relief:

> **Ground One:** Denied due process of law when the court did not advise[] defendant of his fundamental right to appeal with counsel.
>
> > Supporting Facts: Being that I was a[] juvenile when this matter took place, the court had an obligation to edify the law in a way that I could understand and knowingly go forward, which the court obviously did not do seeing that they never advised me I had a[] right to appeal the judgment.

Doc. 1, p. 5. Respondent filed a Motion to Dismiss (Doc. 8); Lewis did not file a Traverse. In her Motion, Respondent argues that Lewis's Petition is time-barred. Doc. 8, pp. 5-15.

## II. Law and Analysis

### A. AEDPA Statute of Limitations

Respondent contends that Lewis's habeas petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. Section 2244 limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

4

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations and citation omitted).

"An application for post-conviction or other collateral review is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, the court and office in which it must be lodged, payment of a filing fee, and applicable time limits upon its delivery." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (citing *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000)); *Allen v.*

5

*Siebert*, 552 U.S. 3, 5 (2007) ("a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)," citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). A post-conviction petition deemed untimely pursuant to Ohio law is not "properly filed" and, therefore, does not toll the statute of limitations. *Israfil*, 276 F.3d at 771-772.

### B. Lewis's Petition is Barred by the One-Year Statute of Limitations

#### 1. Lewis's Petition is barred under § 2244(d)(1)(A)

The one-year statute of limitations began to run when Lewis's case became final. 28 U.S.C. § 2244(d)(1)(A). The journal entry of Lewis's conviction and sentence was filed on July 6, 2009. He had thirty days to appeal, *see* Ohio App. R. 4, and he did not do so. Therefore, the limitations period began to run on August 6, 2009, and expired on August 6, 2010. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-460 (6th Cir. 2012) (limitations period begins to run the day after the time to file a direct appeal expires, citing *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)). Lewis filed his federal habeas petition on August 29, 2016, more than six years after the limitations period expired.

Although Lewis filed a motion to withdraw his guilty plea in the state trial court on March 6, 2014, and a motion for leave to file a delayed appeal in the Ohio Court of Appeals on July 27, 2015, these filings did not toll the statute of limitations because they were filed well after the limitations period had already expired. *See Vroman*, 346 F.3d at 602 (upon the expiration of the limitations period, a state collateral petition will not toll the statute of limitations per § 2244(d)(2)).

#### 2. Lewis does not present allegations relevant to § 2244(d)(1)(D)

The limitations period may also begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

6

diligence." Lewis does not present allegations relevant to this start date in his Petition and he did not file a Traverse.

In his motion to withdraw his guilty plea, filed on March 6, 2014, Lewis had stated that the trial court did not advise him of his right to appeal. Doc. 8-1, p. 27. In his motion for leave to file a delayed appeal, filed July 27, 2015, Lewis asserted that neither the trial court nor his trial counsel advised him of his right to appeal. Doc. 8-1, p. 72. He wrote,

> Appellant asserts that he did not submit a motion for leave to file a delayed appeal before now because he was not yet aware of the basis on which the delayed appeal would be filed, i.e., depravation of his right to direct appeal. Only recently was Appellant told by another inmate that, "even criminal defendants who have entered guilty pleas and/or have an agreed upon sentence retain certain appellate rights, including the right to seek appellate review of the trial court's compliance with Crim. R. 11 before accepting the plea and the right to challenge a sentence that is contrary to law pursuant to cases such as State v. Underwood, 922 N.E.2d 923 and State v. Cortez, 2007 Ohio App. LEXIS 259 at ¶17[] and based on that information Appellant now seeks to have his direct appeal rights reinstated.

Doc. 8-1, p. 72. Lewis went on to argue that the failure of the trial court to assure he was apprised of his appellate rights was a due process violation. Doc. 8-1, p. 72.

Lewis does not establish when the factual predicate of his claim was discovered. Although he alleged in his motion for leave to file a delayed appeal that he "recently" was told by another inmate that he had appellate rights, this assertion is belied by the fact that he had alleged in his motion to withdraw guilty plea, filed almost a year and a half earlier, that the trial court did not advise him of his right to appeal. Moreover, in his motion for delayed appeal, Lewis stated that he did not seek leave to file sooner because he was not sure what legal basis to bring his claim pursuant to, which is not the same thing as not knowing the factual predicate for his claim. Thus, Lewis has not established the date on which he discovered, through the exercise of due diligence, the factual predicate for his federal habeas claim and, accordingly, the statutory period based on § 2244(d)(1)(D) is not applicable.

**C. Lewis is Not Entitled to Equitable Tolling**

Lewis does not even allege, let alone demonstrate, that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling when he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). The petitioner bears the burden of establishing entitlement. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Lewis has not established that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing his habeas petition.

**D. Lewis Cannot Show Actual Innocence**

"[A] petitioner may also be eligible for equitable tolling if he demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. App'x 606, 609 (6th Cir. 2012) (citing *Murry v. Carrier*, 477 U.S. 478, 485-496 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court underscored the fact that "the miscarriage of justice exception . . . applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schulp*, 513 U.S. at 329).

Here, Lewis does not present new reliable evidence of his actual innocence of the charges on which he was convicted. In fact, in his motion to withdraw guilty plea in the trial court, he admits that he shot and killed the victim, Kropog, accidentally while attempting and intending to

8

shoot and cause serious physical harm to Smith, a drug dealer with whom Lewis was feuding. Doc. 8-1, pp. 35-36. Lewis submits that he got into a fight with Smith over a sum of money allegedly owed to Lewis; the fight became so heated that Lewis and Smith pulled their guns and had to be separated; that, the matter having not been resolved, Lewis, "acting on pure adrenalin, rage and disdain for Mr. Smith," subsequently opened fire upon Smith while Smith sat in a car doing a drug deal; and that Kropog was hit several times, though he "was not the intended target." Doc. 8-1, p. 35. This is not evidence of actual innocence of murder, or even legal insufficiency. *See State v. Mullins*, 602 N.E.2d 769, 772 (Oh. Ct. App. 1992) (doctrine of transferred intent applies to murder conviction when the intended victim was not killed but another innocent bystander accidentally was when the defendant fired shots aimed at the occupants of a car); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("The fact that the intended victims escaped harm, and that an innocent child .... was killed instead, does not alter [the defendant's] legal and moral responsibility. 'The doctrine of transferred intent is firmly rooted in Ohio law[,]'" quoting *State v. Richey*, 595 N.E.2d 915, 925 (Ohio 1992)); *State v. Majid*, 2012 WL 986127, at *5 (Oh. Ct. App. March 22, 2012) ("We have previously applied the doctrine of transferred intent to 'bad aim' cases such as the present case to find sufficient evidence of purposeful conduct to support both murder and attempted murder convictions.").

### III. Conclusion and Recommendation

For the all the reasons stated above, the undersigned recommends that Lewis's habeas petition be **DISMISSED** as time-barred.

Dated: April 17, 2017

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).