UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL LEWIS, | ) | CASE NO. 1:16 CV 2164 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | Magistrate Judge |
| | ) | Kathleen Burke |
| RHONDA RICHARDS, Warden, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OPINION |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Darnell Lewis (Docket #1) be DISMISSED.

### Factual and Procedural History

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

## I. Factual Background

The state courts did not recite the facts that gave rise to the charges against Lewis. For context, the undersigned provides this brief summary that was presented by Respondent in her Motion:

> On March 10, 2009, the Cuyahoga County Grand Jury indicted Darnell Lewis for Aggravated Murder for shooting Alan Kropog following a dispute over $7.00. In a separate case, the grand jury indicted Lewis for the Attempted Murder of Lawrence Hill, and for Felonious Assault, Aggravated Robbery, Kidnapping, and Carrying a Concealed Weapon.

Doc. 8, p. 2; see also Doc. 8-1, p. 107 (state's opposition brief to Lewis's appeal to the Ohio Supreme Court).

## II. Procedural Background

### A. State Trial Court

On March 10, 2009, a Cuyahoga County Court of Common Pleas Grand Jury indicted Lewis for criminal activities against Lawrence Hill occurring on or about December 6, 2008, to wit: one count of attempted murder, R.C. § 2923.02/2903.02(A), two counts of felonious assault, R.C. § 2903.11(A)(1) and (2), two counts of aggravated robbery, § 2911.01(A)(1) and (3), one count of kidnapping, § 2905.01(A)(2), all with 1 and 3-year firearm specifications, and one count of carrying a concealed weapon, § 2923.12(A)(2). Doc. 8-1, pp. 3-8 (Case No. CR-09-521342). For criminal activities against Alan Kropog occurring on or about December 16, 2008, the Grand Jury, in a separate case, indicted Lewis on two counts of aggravated murder, § 2903.01(A) and (B), two counts of aggravated robbery, § 2911.01(A)(1) and (3), each with 1 and 3-year firearm specifications, and one count of having weapons under disability, § 2923.123(A)(2). Doc. 8-1,

pp. 8-13 (Case No. CR-09-521856). Lewis, through appointed counsel, pleaded not guilty to all charges. Doc. 8-1, pp. 14-15.

On June 3, 2009, Lewis, through counsel, withdrew his not guilty pleas in both cases and pleaded guilty to attempted murder and the 3-year firearm specification in Case No. 531342 and, in Case No. 521856, murder, the 3-year firearm specifications, and a forfeiture specification. Doc. 8-1, pp. 16-17. The state agreed to dismiss the remaining counts.

In an entry filed July 6, 2009, the trial court sentenced Lewis in Case No. 521342 to 8 years for attempted murder and 3 years for the firearm specification, to be run consecutively for a total of 11 years; and in Case No. 21856, 15 years to life for murder and 3 years for the firearm specification, to be run consecutively for a total of 18 years to life; and these sentences to be served consecutively to each other, for an aggregate prison sentence of 29 years to life in prison. Doc. 8-1, pp. 18-19.

### B. Motion to Withdraw Guilty Plea

On March 5, 2014, Lewis, *pro se,* filed a motion to withdraw his guilty pleas. Doc. 8-1, p. 20. On March 31, 2014, the trial court denied Lewis's motion. Doc. 8-1, p. 68. Lewis did not file an appeal.

### C. Motion for Leave to File Delayed Appeal

On July 27, 2015, Lewis, *pro se*, filed a motion for leave to file a delayed appeal with the Ohio Court of Appeals. Doc. 8-1, p. 69. He argued that the trial court and his attorney failed to advise him of his right to appeal after he pleaded guilty. On August 20, 2015, the Ohio Court of Appeals denied Lewis's motion for leave to file a delayed appeal and dismissed his appeal. Doc. 8-1, pp. 89-90.

On September 28, 2015, Lewis, *pro se*, filed a notice of appeal with the Ohio Supreme Court. Doc. 8-1, p. 91. In his memorandum in support of jurisdiction, he asserted the following proposition of law:

> 1. Appellant was denied due process and/or equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution when the Eighth District Court of Appeals denied him leave to file a delayed direct appeal of right.

Doc. 8-1, p. 94. On December 16, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. Rule 7.08(B)(4). Doc. 8-1, p. 113.

### D. Federal Habeas Petition

On August 29, 2016, Lewis, *pro se*, filed a Petition for a Writ of Habeas Corpus. Doc. 1. He listed the following ground for relief:

> **Ground One:** Denied due process of law when the court did not advise[] defendant of his fundamental right to appeal with counsel.
>
>> Supporting Facts: Being that I was a[] juvenile when this matter took place, the court had an obligation to edify the law in a way that I could understand and knowingly go forward, which the court obviously did not do seeing that they advised me I had a[] right to appeal the judgement.

Doc. 1, p. 5. Respondent filed a Motion to Dismiss (Doc. 8); Lewis did not file a Traverse. In her motion, Respondent argues that Lewis' Petition is time-barred. Doc. 8, pp. 5-15.

## Report and Recommendation

On April 17, 2017, the Magistrate Judge issued her Report and Recommendation. The Magistrate Judge found the Petition to be time-barred, as Petitioner failed to file it within the

4

one-year limitations period. 28 U.S.C. § 2244(d)(1) & (2). Further, the Magistrate Judge found no basis upon which the statute of limitations should be tolled.

No objections were filed to the Report and Recommendation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is field, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

5

## Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Report and Recommendation (Docket #10) is ADOPTED.

The Petition for Writ of Habeas Corpus filed by Darnell Lewis pursuant to 28 U.S.C. § 2254 (Docket #1) is hereby DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability may issue under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

6

U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, the Petition is barred by the applicable one-year statute of limitations and a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 9, 2017